# UNITED STATES COURT OF APPEALS
## FOR THE 8TH CIRCUIT

WANDA BRANDON;ANDREW CRAIG;)
ALICE CROCKETT;                                  )
AMIRA HERNDON;                                   )
    Plaintiffs-Appellees,                )
                                         )
MICHELLE JOHNSON;                                )
PRECIOUS MABRY;                                  )
Plaintiffs,                                      )
                                         )
JOHNNIE McCREARY;                                )
TAMMY O'CONNOR;                                  )
PAUL PERNICIARO;                                 )    Case No. 26-1112
    Plaintiffs-Appellees,                )
                                         )
ANGEL SCOTT;                                     )
    Plaintiff,                           )
                                         )
SHENICQUEL SPOTTS;                               )
JAMES APPLE;                                     )
ANTHONY COMPARATO;                               )
MARC INGRAM; ANNE GILLESPIE;                     )
JEFFERY MCCAW;                                   )
    Plaintiffs – Appellees,              )
                                         )
SAIDIA MCDANIEL;                                 )
ROCHELLE PAGE;                                   )
LISA SCAILS-DANSBERRY;                           )
JEAN SLAVEN; QUINTON STEWART;                    )
    Plaintiffs,                          )
                                         )
v.                                               )
                                         )
BOARD OF EDUCATION OF THE CITY)
OF ST. LOUIS;                                    )
    Defendant-Appellant,                 )
                                         )
KELVIN R. ADAMS;                                 )

<table>
<tr><td>Defendant, and</td><td>)</td></tr>
<tr><td></td><td>)</td></tr>
<tr><td>CHARLES K. BURTON;</td><td>)</td></tr>
<tr><td>Defendant.</td><td>)</td></tr>
</table>

## APPELLANT'S RESPONSE IN OPPOSITION TO MOTION FOR LEAVE TO FILE AMICUS CURIAE BRIEF ON BEHALF OF PLAINTIFFS-APPELLEES

Pursuant to the Clerk's Order dated May 29, 2026, Defendant-Appellant Board of Education of the City of St. Louis ("St. Louis BOE" or the "District" or "Appellant") submits this objection to the motion for leave to file *amicus curiae* brief on behalf of Plaintiffs-Appellees Wanda Brandon, Andrew Craig, Alice Crockett, Amira Herndom, Johnnie McCreary, Tammy O'Connor, Paul Perniciaro, Shenicquel Spotts, James Apple, Anthony Comparato, Marc Ingram, Anne Gillespie, and Jeffery McCaw ("Becket's Motion" or "Motion") made by non-party the Becket Fund for Religious Liberty ("Becket").

Becket's Motion is governed by Federal Rules of Appellate Procedure ("FRAP") Rule 29 which requires Becket to state its interest in this matter, why an amicus brief is desirable, and why the matters asserted are relevant to the disposition of the case. FRAP Rule 29.

For the reasons stated herein, Becket's Motion does not satisfy Rule 29.

**1. Becket does not establish an interest.**

Becket's foundational purpose is "in the sound development of the law as its affects the religious liberty of people of all faiths." *Brief of Amicus Curiae The*

2

*Becket Fund for Religious Liberty in Support of Plaintiffs-Appellees and Affirmance* ("Proposed *Amicus'* Brief") at 1. Becket asserts it is "interested in this appeal because it presents important questions of how the First Amendment and Title VII apply in the context of mandatory vaccine policies." *Id*. However, Defendant-Appellant presents ten (10) discrete issues in their appeal arising from a fact-intensive jury trial. Becket makes no showing as to how it has an interest in these issues beyond its abstract discussion of strict scrutiny and its proposed brief is bereft of individualized discussion of Title VII.

Becket's purported interest is generalized and speculative. Becket states it "currently represents clients in several ongoing cases whose interests could be affected by this Court's decision developing the law on these issues." Motion at 2. Absent from Becket's motion is any concrete correlation between the matters cited in its Motion and the case at bar. This appeal arises from a fact-intensive *jury trial*. Furthermore, in *St. Mary*, although the *writ of certiorari* was granted to the United States Supreme Court, the underlying facts of the matter do *not* involve COVID-19 vaccination mandates, nor a jury trial.

Becket's reliance on *St. Mary* further demonstrates the absence of a particularized interest in this case. There, the 10th Circuit analyzed the constitutionality of a Colorado statute requiring preschools receiving state funds to sign a nondiscrimination agreement. Plaintiffs-Appellants in *St. Mary* include the

Appellate Case: 26-1112    Page: 3    Date Filed: 06/05/2026 Entry ID: 5648079

Archdiocese, Catholic parishes, and parents of preschool-age children. The 10th Circuit ruled for Defendants-Appellees and affirmed the lower court's decision which held that Colorado's statute was neutral and did not violate First Amendment rights. A *writ of certiorari* was granted in April of 2026 and is now currently pending before the United States Supreme Court. Any doctrinal developments relevant to Becket's clients will be determined there, not here, rendering Becket's asserted interest speculative and contingent.

### 2. An amicus brief is not desirable.

Becket's motion should further be denied as its Proposed *Amicus* Brief mostly regurgitates, albeit more expansively, the same information, ideas, and arguments that Plaintiffs-Appellees argued in their principal brief. Like the principal brief filed by Plaintiffs-Appellees, the Proposed *Amicus* Brief tendered by Becket provides voluminous, albeit extraneous, analyses regarding why (1) the District's vaccine policy is subject to strict scrutiny under the Free Exercise Clause, (2) the District's arguments about sincerity, religiosity, and accuracy of Plaintiffs' religious beliefs are meritless, and (3) the District's undue hardship arguments fail.

"The vast majority of amicus curiae briefs are filed by allies of litigants and duplicate the arguments made in the litigants' briefs, in effect merely extending the length of the litigant's brief. Such amicus briefs should not be allowed. They are an abuse." *Ryan v. Commodity Futures Trading Commn.*, 125 F.3d 1062, 1063 (7th Cir.

4

1997). "[I]t is very rare for an *amicus curiae* brief to do more than repeat in somewhat different language the arguments in the brief of a party whom the amicus is supporting." *Prairie Rivers Network v. Dynegy Midwest Generation, LLC*, 976 F.3d 761, 763 (7th Cir. 2020) (quoting *Voices for Choices v. Illinois Bell Telephone Co.*, 339 F.3d 542, 544–45 (7th Cir. 2003) (Posner, J., in chambers)).

Here, the Proposed *Amicus* Brief mostly parrots Plaintiffs-Appellees' arguments and, in doing so, provides little assistance to the Court beyond what the parties already provide. The Proposed Amicus' Brief effectively extends Plaintiffs-Appellees' brief from 12,746 words to 19,244 words.

Moreover, the Proposed *Amicus* Brief is duplicative of Plaintiffs-Appellees' brief, even going so far as to cite Plaintiffs-Appellees' brief as ratification of its own assertions, and is not helpful for this Court's consideration. See Proposed *Amicus'* Brief at 29.

Both Plaintiffs-Appellees and Becket examine Issues Nos. 1 and 10 on appeal regarding the district court's review of District Policy 4624 under strict scrutiny versus rational basis. Plaintiffs-Appellees argue, with additional analysis and contemplations, that District Policy 4624 is not generally applicable because there were provisions for individualized exemptions and medical exemptions were granted while religious exemptions were denied. Both Plaintiffs-Appellees and Becket analyze differential treatment under the framework of Equal Protection

5

consideration and Free Exercise violations. Furthermore, both Plaintiffs-Appellees and Becket argue the undue hardship facet of the appeal under *Groff v. DeJoy* standard and claim that Defendant-Appellant presented no evidence at trial of associated costs. The Court is provided no further analysis or legal framework to assist in its resolution of this dispute by granting Becket's Motion.

Additionally, the Proposed *Amicus* Brief tendered by Becket does not contribute in any meaningful way to this appeal. It does not offer this Court a distinct analytical framework to weigh the issues outside of its expansive interpretation of *Tandon v. Newsome* (discussed below), nor does it provide relevant and additional considerations not already briefed by the parties.

The Proposed *Amicus* Brief is primarily cumulative and duplicative advocacy. In *Prairie Rivers Network v. Dynegy Midwest Generation, LLC*, 976 F.3d 761 (7th Cir. 2020), the Seventh Circuit Court of Appeals explained how the brief of an *amicus curiae* might contribute to the appeal:

> [A] true friend of the court will seek to add value to our evaluation of the issues presented on appeal. To be sure, the fiction that an amicus acts as a neutral information broker, and not an advocate, is long gone. But even a friend of the court interested in a particular outcome can contribute in clear and distinct ways, by, for example:
>
> • Offering a different analytical approach to the legal issues before the court;
> • Highlighting factual, historical, or legal nuance glossed over by the parties;
> • Explaining the broader regulatory or commercial context in which a question comes to the court;

Appellate Case: 26-1112    Page: 6    Date Filed: 06/05/2026 Entry ID: 5648079

- Providing practical perspectives on the consequences of potential outcomes;
- Relaying views on legal questions by employing the tools of social science;
- Supplying empirical data informing one or another question implicated by an appeal;
- Conveying instruction on highly technical, scientific, or specialized subjects beyond the ken of most generalist federal judges;
- Identifying how other jurisdictions—cities, states, or even foreign countries—have approached one or another aspect of a legal question or regulatory challenge.

> The point, of course, is that an amicus curiae brief should be additive—
> it should strive to offer something different, new, and important.

*Prairie Rivers Network*, 976 F.3d at 763 (7th Cir. 2020) (internal citations omitted).

The Proposed *Amicus* Brief does not meaningfully satisfy these considerations. Instead, it contains repetition of extraneous arguments in the principal brief of Plaintiffs-Appellees. More still, the Proposed *Amicus* Brief fails to go beyond what has already been briefed between the parties.

The arguments set forth in the Proposed *Amicus* Brief echo those otherwise presented by the parties and do not aid the Court. Thus, the Court should deny Becket's motion.

### 3. Becket's arguments are not relevant.

In one respect, the Proposed *Amicus* Brief goes beyond the particular factual issues presented to the district court and the arguments preserved for appeal in Defendant-Appellant's brief. Becket urges the Court to reject multiple circuit decisions applying *Tandon* to vaccination policies and adopt a broader constitutional

7

rule that the existence of any medical exemption necessarily renders a vaccination policy not generally applicable. Becket's expansive interpretation of *Tandon* was not presented to the district court, was not necessary to the district court's disposition, and is not required for resolution of the issues presented on appeal. Becket's effort to inject an unnecessary legal theory and expand the scope of the questions presented by the parties reflect its advocacy efforts, not a unique perspective that the parties are otherwise unable to provide. *Ryan*, 125 F.3d at 1063.

The Proposed *Amicus* Brief demonstrates that Becket does not have unique information or perspective that can help the Court beyond that which can be provided by the lawyers for the parties as it seeks to interject analysis outside of and unnecessary to the matters at hand. The Proposed *Amicus* Brief fails to provide additional relevant information for this Court beyond the advocacy oriented policy interpretations of its authors. As a result, the Proposed *Amicus* Brief does not advance the efficiency of judicial resources, and the instant motion should be denied.

## CONCLUSION

The Proposed *Amicus* Brief is either duplicative of arguments already made by Plaintiffs-Appellees or directed toward a broader constitutional question that is unnecessary to resolution of this appeal. Accordingly, Becket's Motion should be denied.

Appellate Case: 26-1112     Page: 8     Date Filed: 06/05/2026 Entry ID: 5648079

Respectfully submitted,

**MICKES O'TOOLE, LLC**

By: */s/ Joshua E. Douglass*
Vincent D. Reese, # 49576
vreese@mickesotoole.com
Joshua E. Douglass, #53179
jdouglass@mickesotoole.com
Ashley M. Wicks, #75808
awicks@mickesotoole.com
12412 Powerscourt Drive
Suite 200
St. Louis, Missouri 63131
Telephone: (314) 878-5600
Facsimile: (314) 878-5607

*Attorneys for Defendant Board of
Education of the City of St. Louis*

9

# CERTIFICATE OF COMPLIANCE

Pursuant to Fed. R. App. P. 32(g)(1), the undersigned certifies that this Motion complies with the volume limitation of Fed. R. App. P. 27(d)(2)(A) because it does not exceed five thousand two hundred (5,200) words. This Notice contains 1,573 words, excluding the parts exempted by Fed. R. App. P. 32(f).

This Motion complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the style requirements of Fed. R. App. P. 32(a)(6), because the Motion has been prepared in a proportionally spaced typeface using Microsoft Word, 14 point Times New Roman font. This typeface contains serifs.

The electronic version of this Motion has been scanned for viruses and is virus free.

*/s/ Joshua E. Douglass*

10

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 5th day of May 2026, a true and correct copy of the foregoing was filed with the Court's electronic filing system and thereby served via electronic mail to all counsel of record:

KASPER LAW FIRM, LLC
Kevin J. Kasper
Ryan P. Schellert
3930 Old Hwy 94 South - Suite 108
St. Charles, MO 63304
Ph: 636-922-7100
Fax: 866-303-2874
KevinKasper@KasperLawFirm.net
RyanSchellert@KasperLawFirm.net

*Attorneys for Plaintiff*

*/s/ Joshua E. Douglass*

11